# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY J. G. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-cv-3200 |
| | ) | |
| V. | ) | |
| | ) | |
| ALEX R. GILLESPIE, RYAN BALLINGER, and SANGAMON COUNTY SHERIFF'S OFFICE, | ) ) ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

NOW COMES Plaintiff, ANTHONY J. G. COOPER, by and through his attorneys, ED FOX & ASSOCIATES, LTD., brings this complaint against Defendants ALEX R. GILLESPIE, RYAN BALLINGER, and SANGAMON COUNTY SHERIFF'S OFFICE, and states as follows:

### JURISDICTION AND VENUE

1. This action is based on the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). Jurisdiction for this case is conferred upon this Court under 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391, as the acts in question occurred within this district.

### PARTIES

3. At all times relevant, Plaintiff Anthony J. G. Cooper ("Cooper") was a citizen of the United States and was within the jurisdiction of this Court.

4. At all times relevant, Defendants Alex R. Gillespie ("Gillespie") and Ryan Ballinger ("Ballinger"), were Sangamon County Sheriff's Office correctional officers working at the Sangamon County Jail.

5. Sangamon County Sheriff's Office is a political division of the State of Illinois and serves as the employer of Gillespie and Ballinger. Gillespie and Ballinger each acted as a representative, employee, and/or agent of Sangamon County Sheriff's Office. Pursuant to the doctrine of *respondeat superior*, Sangamon County Sheriff's Office bears liability for all state law claims committed by their representatives, employee, and agents acting within that scope.

6. Additionally, at all times relevant, Gillespie and Ballinger acted under the color of law and within the scope of their employment. Gillespie and Ballinger are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

7. On July 16, 2022, at all times relevant, Cooper was in the "shakedown" room at Sangamon County Jail.

8. Cooper was handcuffed behind his back and posed no threat to anyone.

9. Gillespie approached Cooper, grabbed him, and pushed him against the wall.

10. Gillespie bent Cooper's arms upward in an unnatural manner.

11. Gillespie then positioned Cooper into a corner, applying pressure to specific points on Cooper's body.

12. As a result, Cooper lost consciousness.

13. While Cooper was unconscious, Gillespie dropped him, causing his face to slam forcefully onto the wall and floor.

14. Gillespie turned Cooper's unconscious body around and dropped it back onto the floor.

15. Gillespie then proceeded to shake Cooper until he regained partial consciousness.

16. Gillespie slightly lifted Cooper from the ground and again dropped him.

17. Eventually, Cooper attempted to stand off the floor of his own accord, and Gillespie grabbed and pushed him against the wall.

18. Cooper was visibly struggling and showed signs of physical distress, including spitting blood.

19. Regardless, Gillespie forced Cooper to remain standing for an extended period.

20. Eventually, Gillespie threw Cooper into a chair.

21. Gillespie's actions described above were perpetrated with excessive force and without just cause.

22. Ballinger was present and fully aware of Gillespie's actions during the incident described above.

23. Despite this, Ballinger failed to intervene or attempt to stop Gillespie's excessive use of force against Cooper.

24. Cooper was transported from the jail via ambulance to a local hospital for necessary treatment.

25. As a direct result of the aforementioned incident, Cooper sustained significant damages, including but not limited to, physical injuries, psychological trauma, emotional distress, and financial harm in an amount yet to be ascertained.

26. The actions and omissions of Gillespie and Ballinger were willful, wanton, malicious, oppressive, and executed with reckless indifference and callous disregard for Cooper's rights.

27. These actions justify the award of exemplary and punitive damages, the amount of which will be determined at trial.

28. As a result of the aforementioned actions and omissions, Cooper retained attorneys to assist him in this action and requests reimbursement of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I

## 42 U.S.C. § 1983 – Excessive Force

### (Fourth Amendment)

29. Cooper hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

30. Gillespie, by his actions and omissions, deprived Cooper of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

31. Gillespie used force against Cooper, which included but was not limited to: pushing him against the wall; bending his arms in an unnatural manner; applying pressure to specific parts of his body; dropping his unconscious face onto the wall and ground; turning him around and dropping him onto the ground; shaking him; lifting him and dropping him again; making him stand while visibly spitting blood and enduring severe pain; and throwing him onto a chair.

32. There was no just cause to use the described above force against Cooper.

33. Gillespie's actions were unnecessary, unreasonable, and excessive, thereby violating Cooper's Fourth Amendment rights. As a result, Gillespie is liable to Cooper under 42 U.S.C. §1983.

## COUNT II

### 42 U.S.C. § 1983 – Failure to Intervene

**(Fourth Amendment)**

34. Cooper hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) of this complaint as if fully set forth herein.

35. Ballinger, by his actions and omissions, deprived Cooper of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

36. Ballinger had a reasonable opportunity to intervene and prevent Gillespie from using excessive force against Cooper.

37. Ballinger violated Cooper's rights by failing to intervene when Gillespie used excessive force against him.

38. Ballinger's failure to intervene constituted a violation of Cooper's Fourth Amendment rights and was not authorized by law. Accordingly, Ballinger is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### 42 U.S.C. § 1983 – Failure to Provide Proper Care

**(Fourth Amendment)**

39. Cooper hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) of this complaint as if fully set forth herein.

40. Gillespie and Ballinger, by their actions and omissions, deprived Cooper of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

41. Gillespie and Ballinger had a duty to provide Cooper with proper care after he lost consciousness.

42. Gillespie and Ballinger violated Cooper's rights by failing to provide Cooper with proper care after he lost consciousness, and instead Gillespie used additional excessive force against him.

43. Gillespie and Ballinger's failure to intervene constituted a violation of Cooper's Fourth Amendment rights and was not authorized by law. Accordingly, Gillespie and Ballinger are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV

### Battery

### (Illinois State Law Claim)

44. Cooper hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) of this complaint as if fully set forth herein.

45. Gillespie committed the tort of battery against Cooper under Illinois state law.

46. Gillespie intentionally and unlawfully made harmful and offensive contact with Cooper's person, without lawful justification, by pushing him against the wall, bending his arms in an unnatural manner, applying pressure to specific parts of his body, dropping his unconscious face onto the wall and floor, turning him around and dropping him onto the ground, shaking him, lifting and dropping him again, making him stand while spitting blood and enduring severe pain, and throwing him onto a chair.

47. Gillespie's intentional and unjustified acts of battery violated Cooper's rights under Illinois state law.

48. As a direct consequence of Gillespie's battery, Cooper has suffered damages, including physical injuries, medical expenses, emotional distress, and other consequential harms.

49. Thus, Sangamon County Sheriff's Officer is liable under the doctrine of *respondeat superior* for the Illinois state law claim of battery.

## COUNT V

## Willful and Wanton Conduct

## (Illinois State Law Claim)

50. Cooper incorporates and realleges paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

51. At all times relevant, Gillespie and Ballinger owed a duty to refrain from engaging in willful and wanton conduct against Cooper, including the use of excessive force or the failure to intervene to prevent such force from being used against him.

52. Despite this duty, Gillespie and Ballinger exhibited willful and wanton behavior, demonstrating a complete disregard for Cooper's rights.

53. As a direct consequence of Gillespie and Ballinger's willful and wanton conduct, Cooper has suffered damages, including physical injuries, medical expenses, emotional distress, and other consequential harms.

54. Thus, Sangamon County Sheriff's Officer is liable under the doctrine of *respondeat superior* for the state law claim of willful and wanton conduct.

WHEREFORE, Plaintiff ANTHONY J. G. COOPER, by and through his attorneys, ED FOX & ASSOCIATES, LTD., request judgment as follows:

1. Defendants pay his general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay his special damages;

3. Defendants pay his attorneys fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Gillespie and Ballinger pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay his costs of the suit herein incurred; and

6. Any such other and further relief as this Court may deem just and proper.

BY: */s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: */s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com